IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RONALD SMART d/b/a
PASCHALL ELECTRIC,

    Plaintiff,

v.

INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS,
LOCAL 702, et al.,

    Defendants.                                               Case No. 07-cv-94-DRH

**ORDER**

**HERNDON, Chief Judge:**

        Before the Court is Plaintiff's Bill of Costs (Doc. 43). Plaintiff seeks reimbursement for the following: (1) filing fees on 12/28/2007; (2) copy of common law record on 1/8/2008; (3) copy of records for appeal on 1/11/2008; (4) copies of Appellee Brief on 2/4/2008; (5) postage of Appellee Brief on 2/4/2008; (6) postage of Appellee Response on 3/19/2008; (7) copies of Appellee Response on 3/19/2008; (8) copies of Appellee Supplemental Brief on 10/14/2008; (9) postage of Appellee Supplemental Brief on 11/3/2008; and (10) copies of Appellee Supplemental Brief on 11/3/2008, for a total amount of $1,133.72.

        Defendants have filed Objections to Plaintiff's Bill of Costs (Doc. 44), arguing that with respect to Plaintiff's requests for postage and copying costs, he has filed his Bill of Costs with the wrong court. These costs are directly related to his

successful appeal in this case and therefore, pursuant to **FEDERAL RULES OF APPELLATE PROCEDURE 39(c) & (d)**, this should have been filed with the Seventh Circuit Appellate Court instead.

Regarding Plaintiff's request for reimbursement of the appellate filing fee and the cost for a copy of the record, Defendant asserts that Plaintiff's request is premature pursuant to **FEDERAL RULES OF APPELLATE PROCEDURE 39(e)**, as these costs can only be taxed in district court in favor of the "prevailing party." As this case has been remanded by the Seventh Circuit for further proceedings, Plaintiff must first prevail upon his remaining claims against Defendants. Unless and until a judgment on Plaintiff's remaining claims are entered in his favor, Defendants argue, he cannot be considered a prevailing party entitled to these costs.

Because Defendants' arguments are correct, the Court hereby **SUSTAINS** their Objections to Plaintiff's Bill of Costs (Doc. 44). Accordingly, the Court **DENIES** Plaintiff's Bill of Costs (Doc. 43) and the Clerk of the Court shall refrain from taxing any of Plaintiff's requested costs upon Defendants.

**IT IS SO ORDERED**.

Signed this 17th day of June, 2009.

/s/ David R Herndon
**Chief Judge**
**United States District Court**