**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**RONALD SMART
d/b/a PASCHALL ELECTRIC,**

      **Plaintiff,**

**v.**

**INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS,
LOCAL 702, and CHRISTOPHER N. GRANT,
and SCHUCHAT, COOK, & WERNER,**

      **Defendants.**                        **Case No. 07-cv-94-DRH**

**<u>MEMORANDUM & ORDER</u>**

**HERNDON, Chief Judge:**

**I. <u>Introduction</u>**

Before the Court is a Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 53), filed by defendants International Brotherhood of Electrical Workers, Local 702 ("IBEW 702"), Christopher Grant, and Schuchat, Cook & Werner ("Schuchat"). Plaintiff Ronald Smart d/b/a Paschall Electric ("Smart" or "Paschall Electric") has filed an opposing Response (Doc. 54). The issues have been adequately briefed by the Parties for this Court to determine herein.

This case is back on remand from the Seventh Circuit. On December 3, 2007, the Court issued an order (Doc. 32), granting two separate motions to dismiss (Docs. 13 & 15), thereby dismissing Plaintiff's claims of legal malpractice

and "unwarranted" (malicious) prosecution.  It also found Plaintiff's claim for a violation of the  Illinois Antitrust Act, **740 ILL. COMP. STAT. 10/2**, was completely preempted by the National Labor Relations Act ("NLRA").   Plaintiff thereafter appealed the judgment.   On appeal, the Seventh Circuit affirmed the Court's dismissal of Plaintiff's claims for legal malpractice and unwarranted prosecution. *See Smart v. Local 702 Int'l Broth. of Elec. Workers* **562 F.3d 798 (7th Cir. 2009)**.  It also found that Plaintiff's Illinois Antitrust claim was preempted by federal law. *Id.*

However, in analyzing whether subject matter jurisdiction existed, the Seventh Circuit believed that Plaintiff's factual allegations sounded of a claim of secondary boycotting, thereby arguably falling within the coverage of section 8(b)(4) of the NLRA.  *Id.* **at 806-07 (citing 29 U.S.C. § 158(b)(4))**.  Further, it found that "Congress has provided an explicit means of redressing alleged violations of section 158(b)(4) through section 187 of Title 29 . . . [and] has indicated that it intended causes of action under section 187 to be treated in the same manner as those arising under section 185." *Id.* **at 808**.  Based on this finding, the Seventh Circuit held that "section 187(b) *completely* preempts state-law claims related to secondary boycott activities described in section 158(b)(4); it provides an exclusive federal cause of action for the redress of such illegal activity." *Id.*  As such, the Seventh Circuit remanded the case in order for this Court to address Plaintiff's secondary boycott claim under **29 U.S.C. § 187**.  It further instructed this Court to allow Plaintiff to

amend his complaint so that he may conform his pleadings with their findings.  *Id.*
**at 808-09**.  Plaintiff thereafter was granted leave to file his Second Amended
Complaint.  Defendants now seek dismissal.  For the reasons stated herein,
Defendants' Motion is granted.  However, the Court finds a viable claim remains
against IBEW 702.

## II.  Background

Plaintiff's Second Amended Complaint (Doc. 52) consists of one count
against all Defendants for a violation of **29 U.S.C. § 187**.  The factual allegations
consist of the following:

Plaintiff, operating as a sole proprietor and doing business as Paschall
Electric, alleges that on or about January 20, 2003, he submitted a proposal to do
electrical work for John Stoecklin, at his place of business known as "Extreme
Sports," located in Marion, Illinois.  Barnett Electric submitted a bid for the same
job, estimating its costs at approximately $4,500.00 more than Plaintiff's bid.
Stoecklin accepted Plaintiff's bid.  Plaintiff further alleges that defendant IBEW 702
contacted Stoecklin.  A business agent for IBEW 702, Mr. Dorris, informed Stoecklin
that the project would be shut down if he used Plaintiff, a non union electrician,
rather than a union electrician.  Additionally, Plaintiff alleges that Mr. Dorris told
Stoecklin that Ameren CIPS would not provide a power hook up to his place of
business if he continued to use Plaintiff.  Because this electrical work had to be
completed prior to the other contractors being able to complete their work on

Extreme Sports, Stoeklin reluctantly asked Plaintiff to surrender the job to Barnett Electric.

### III.  Discussion

**A.    Legal Standard**

When ruling on a motion to dismiss for failure to state a claim under **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**, the Court must look to the complaint to determine whether it satisfies the threshold pleading requirements under **FEDERAL RULE OF CIVIL PROCEDURE 8.**  Rule 8 states that a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." **FED. R. CIV. P. 8(a)(2)**. The Supreme Court held that Rule 8 requires a complaint to allege "enough facts to state a claim to relief that is plausible on its face" to survive a Rule 12(b)(6) motion.  ***Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)**.  In other words, the Supreme Court explained it was "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' [by providing] more than labels and conclusions, [because] a formulaic recitation of the elements of a cause of action will not do . . . ." ***Id.* at 555-56 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986))**.  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " ***Ashcroft v. Iqbal*, --- U.S.---, --- 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557)**.

Recently, in ***Iqbal***, the Supreme Court made clear that the federal pleading standard under Rule 8 as discussed in its ***Twombly*** opinion applies "for

all civil actions." ***Id.* at ---, 129 S. Ct. at 1953**. ***Iqbal*** identified the "two working principles" underlying the decision in ***Twombly***: (1) "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice;" and (2) "only a complaint that states a plausible claim for relief survives a motion to dismiss." ***Id.* at ---, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555-56)**.  In short, a court should only assume to be true a complaint's well-pleaded factual allegations, and not its mere legal conclusions, when determining whether such allegations plausibly give rise to relief. ***Id.* at ---, 129 S. Ct. at 1950**.

**B.     Analysis**

Defendants seeks a dismissal of Plaintiff's Second Amended Complaint on the following grounds: (1) Plaintiff's claims against defendants Schuchat and Grant contravenes the Seventh Circuit's decision and order and moreover, fails to state a claim upon which relief may be granted; (2) Plaintiff fails to state a claim under the NLRA against IBEW 702; and (3) Plaintiff fails to seek proper relief allowed under the NLRA.  The Court will address each of these arguments, in turn.

**1.     Plaintiff's Claim Against Defendants Schuchat and Grant**

Plaintiff has brought Count I against all Defendants, including the law firm of Schuchat, Cook & Werner ("Schuchat") and one of its attorneys, Christopher N. Grant ("Grant").  Defendants contend this is improper and contravenes the

decision of the Seventh Circuit in its order remanding this case in part and instructing this Court to allow Plaintiff the opportunity to amend his Complaint. ***See Smart v. Local 702 Int'l Broth. of Elec. Workers* 562 F.3d 798 (7th Cir. 2009)**. In particular, Defendants explain that Plaintiff's Complaint Illinois Antitrust Act claim at issue on appeal was only against defendant IBEW 702; it was *not* initially brought against Schuchat and Grant.  Schuchat and Grant were only named as Defendants in Plaintiff's claims of legal malpractice and unwarranted prosecution, both of which were dismissed by this Court and the dismissal affirmed on appeal by the Seventh Circuit.  Continuing, Defendants assert that the Seventh Circuit merely allowed Plaintiff the opportunity to amend his Complaint to ensure that he properly brought a claim pursuant to **29 U.S.C. § 187** (as it held this provision completely preempted Plaintiff's Illinois Antitrust Act claim) – it did not allow Plaintiff the opportunity to amend his Complaint to add additional Defendants to such claim.

Agreeing with Defendants' position, the Court posits that the Seventh Circuit's order did not provide Plaintiff *carte blanche* authority to join additional Defendants to his claim for violation on the NLRA.  Further, the Court's order granting Plaintiff leave to amend his Complaint over Defendants' objections also does not operate as an endorsement of any legal appropriateness or otherwise validate the joinder of Schuchat and Grant as Defendants to Count I.  Instead, the Court now believes that the addition of Schuchat and Grant as Defendants to Count I of Plaintiff's Second Amended Complaint exceeded the scope of the Seventh Circuit's

Mandate.  However, the Court's belief will not be deemed dispositive of the issue, as there are other existing grounds warranting the dismissal of Count I against Schuchat and Grant.

Defendants further argue that even assuming the Seventh Circuit allowed Plaintiff the opportunity to add Defendants, a claim under **29 U.S.C. § 187** (hereby also referred to as "Section 303" of the NLRA) can only be brought against labor unions, not individuals.   Therefore, Defendants additionally argue that Plaintiff's claim against Schuchat and Grant fails as it is not a claim for which relief may be granted under **Rule 12(b)(6)**.  Opposing Defendants' assertion, Plaintiff offers a quotation from a case cited by Defendants in their dismissal brief, which Plaintiff believes supports his theory that individuals or entities other than labor unions *can* be sued under Section 303 and thus, Schuchat and Grant are wrongfully attempting to separate themselves from IBEW 702.  The case Plaintiff cites is ***Park Electric Co. v. IBEW, Local 701***, **540 F. Supp. 779 (N.D. Ill. 1982)**, which reads in part, "bare allegation of existence of conspiracy among union, its members and **others** to restrain and monopolize trade and commerce in violation of the Sherman and Clayton Acts was sufficient to preclude dismissal for failure to state claim" (Doc. 54, pp. 1-2) (emphasis in Plaintiff's brief).

Plaintiff's argument is flawed.  First, it should be noted that the case language Plaintiff cites is not the actual court opinion, but a case synopsis written by the legal publisher, Westlaw.  Therefore, the Court cannot properly accept this as

quoted language of the Seventh Circuit.  Yet, because Plaintiff is allowed a certain amount of leeway as a *pro se* litigant, this is not a critical mistake.  Regardless, the ***Park Electric*** case does not, in fact, stand for the proposition that a Section 303 claim can be maintained against individual defendants.  The case excerpt cited by Plaintiff discusses the conspiracy count alleged by the plaintiff in ***Park Electric*** and *not* a Section 303 claim (the plaintiff had a separate Section 303 claim), and so that language is not relevant to the issue at hand.  Rather, the court in ***Park Electric*** stated that [Section] "303 only prohibits a 'labor organization' from engaging in any conduct or activity that is defined as an unfair labor practice.  The acts of an individual union member are not regulated by [Section] 303." ***Park Elec. Co.*, 540 F. Supp. at 780 (citations omitted)**.

Although the Court has not found Seventh Circuit precedent as to this issue, given the language of the statute itself and the opinions from other district courts, this Court still is confident in this holding.  Section 303 states, in part:

> (a) It shall be unlawful, for the purpose of this section only, in an industry or activity affecting commerce, ***for any labor organization*** to engage in any activity or conduct defined as an unfair labor practice in section 158(b)(4) of this title.

**29 U.S.C. § 187(a) (emphasis added)**.  Section 303 lacks any mention or other inference of imposing liability upon an individual or other entity which is not a labor organization.  Other courts have also found individual liability does not exist under Section 303.  ***See, e.g., Bacino v. American Federation of Musicians of U. S. and Canada*, 407 F. Supp. 548, 551 (N.D. Ill. 1976) (citing *Universal**

Page 8 of 17

*Communications Corp. v. Burns*, 449 F.2d 691, 693 (5th Cir. 1971); *Meier S. Pohlman Furniture Co. v. Gibbons*, 233 F.2d 296, 306 (8th Cir.), cert. denied, 352 U.S. 879 (1956)); *see also Oshkosh Truck Corp. v. Int'l. Union*, 67 F.R.D. 122, 123 (E.D. Wis. 1975).

Additionally, the Court also observes that Plaintiff's allegations in his Section 303 claim (Count I) fail to include *any* mention of Schuchat or Grant, let alone allege any wrongful behavior on their part. It is not enough under the federal pleading standards to merely lump the individual Parties together as "Defendants" in an effort to collectivize their liability under Section 303. Even the liberal allowance afforded a *pro se* litigant will not serve to allow Plaintiff to bring a claim against certain Defendants for whom there are no factual allegations made. Furthermore, Plaintiff's citation to the federal pleading standards under **Rule 8**, as discussed by the Supreme Court in *Conley v. Gibson*, **355 U.S. 41 (1957)**, does not aid his argument that he has met the pleading standards to survive dismissal. Plaintiff should note that the pleading requirements in *Conley* were recently abrogated by the Supreme Court in *Bell Altantic Corp. v. Twombly*, **550 U.S. 544 (2007)**. *Bell* and its progeny are discussed Section III (A) of this Order, *supra*. Accordingly, because an individual or entity which is not a labor organization cannot be liable under Section 303, and because Plaintiff has not met the minimum pleading standards to allege a claim even if it were possible for liability to exist, the Court finds that Plaintiff's Count I must be dismissed against defendants Schuchat and

Grant for failure to state a claim upon which relief may be granted, pursuant to **Rule 12(b)(6)**.

### 2.    Plaintiff's Claim Against IBEW 702

Next, Defendants argue that Plaintiff also fails to state a Section 303 claim against IBEW 702.  Defendants base their argument on Plaintiff's statement in the "Introduction" section of his Second Amended Complaint which describes "an illegal, conspiracy by the Defendants" and reads in part:

> The object of the Defendants' conspiracy is the abuse and acquisition of monopoly market power in the relevant industry in Southern Illinois by using illegal predatory tactics including agreements prohibited by the federal labor laws, a purpose of which is to exclude the Plaintiff from the marketplace and to monopolize the relevant market.  The Defendants' illegal actions have had the intent and effect of reducing and eliminating competition between Plaintiff and Defendants in their signatory contractors.

(Doc. 52, pp. 1-2.)  Defendants further base their argument on the "Jurisdictional Statement" section of Plaintiff's Second Amended Complaint, which reads in part:

> Original jurisdiction as to the matters alleged herein lies with this Court based on **29 U.S.C. § 187(a)** of the Labor Management Relations Act (as amended) which provides for a damage remedy for unfair labor practices in the nature of secondary boycotts and illegal primary activity *which include threats to enter into agreements prohibited by Section 8(e) of the Labor Management Relations Act* which is analog to the agreements in restraint of trade prohibited under the Sherman Act.

(*Id*. at 2) (emphasis added).

Thus, Defendants contend that Plaintiff is again attempting to bring an antitrust claim against IBEW 702, as he did in his initial Complaint under the Illinois

Antitrust Act, which the Seventh Circuit found was completely preempted by **29 U.S.C. § 187** ("Section 303").  Continuing, Defendants assert that Section 303 is not an antitrust cause of action, but instead, provides redress for "unfair labor practices" as defined by Section 8(b)(4) of the NLRA (Doc. 53, p. 4, citing **29 U.S.C. § 158(b)(4)** (herein also "Section 8(b)(4)")).  Defendants construe Plaintiff's Section 303 claim in Count I as also incorporating the allegations in his Jurisdictional Statement in which he claims Defendants threatened to enter into agreements prohibited by Section 8(e), thereby concluding that his Section 303 claim is actually alleging that IBEW 702 violated Section 8(b)(4)(A) of the NLRA, as that is the only portion of Section 8(b)(4) that references Section 8(e) (*Id.* at 5, citing **29 U.S.C. § 158(b)(4)(A)-(D)**).

Section 8(b)(4) of the NLRA provides, in pertinent part, as follows:

It shall be an unfair labor practice for a labor organization or its agents–

> (4) (i) to engage in, or to induce or encourage any individual employed by any person engaged in commerce or in an industry affecting commerce to engage in, a strike or a refusal in the course of his employment to use, manufacture, process, transport, or otherwise handle or work on any goods, articles, materials, or commodities or to perform any services; or (ii) to threaten, coerce, or restrain any person engaged in commerce or in an industry affecting commerce, where in either case an object thereof is–
>
> > (A) forcing or requiring any employer or self-employed person to join any labor or employer organization *or to enter into any agreement which is prohibited by subsection (e) of this section*;
> >
> > (B) forcing or requiring any person to cease . . . doing business with any other person, or forcing or requiring any other employer to recognize or bargain with a labor

> organization as the representative of his employees unless such labor organization has been certified as the representative of such employees under the provisions of section 159 of this title . . . .

**29 U.S.C. § 158(b)(4)(A) & (B) (emphasis added)**.  Section 8(e) further provides, in part:

> It shall be an unfair labor practice for any labor organization and any employer to enter into any contract or agreement, express or implied, whereby such employer ceases or refrains or agrees to cease . . . doing business with any other person . . . .

**29 U.S.C. § 158(e)** (herein also "Section 8(e)").

Defendants therefore proffer that any Section 8(b)(4)(A) claim Plaintiff may be trying to make presumably involves allegations that IBEW 702 attempted to enter into an agreement with Stoecklin in violation of Section 8(e) when it "persuaded" him to do business with Barnett Electric, a union member, rather than Plaintiff, who is non-union.  However, Defendants argue that the National Labor Relations Board ("NLRB") has found this behavior does not constitute the formation of an "agreement" pursuant to Section 8(e) (Doc. 53, pp. 5-6).  Specifically, Defendants cite to the decision of ***Local 282, Teamsters (General Contractors Assoc. of New York)*, 262 NLRB 528, 547-48 (1982)**, as well as ***Teamsters, Local 208 (DeAnza Delivery Sys.)*, 224 NLRB 1116, 1122-24 (1976)**.  In ***Local 282, Teamsters (General Contractors Association of New York)***, the NLRB recognized that "Section 8(e) was enacted to close one of the loopholes which existed in the secondary boycott provisions of the [NLRA], which were then designated as

Section 8(b)(4)(A)." *Id.* **at 547 (noting that secondary boycotting provisions now designated as Section 8(b)(4)(B) of the NLRA)**. It further reasoned that the words "contract or agreement" as used in Section 8(e), were unlikely to apply to a situation where a neutral employer, "in the absence of a prior agreement, acquiesces in union pressure to cease doing business with a person with whom the union has a dispute, or voluntarily acquiesces in a simple request that it cease doing business with another person." *Id.* Rather, the NLRB believed that the phrase "contract or agreement" applied to a situation where a neutral employer and a union enter into an agreement whereby, on a continuing basis, the employer agrees to cease doing business with other persons with whom the union may have future disputes. *Id.* **at 548**.

Looking at Plaintiff's Response, even allowing a liberal viewing, the Court is unable to discern any opposition to Defendants' argument for the dismissal of Plaintiff's Section 8(b)(4)(A) claim regarding a contract or agreement made in violation of Section 8(e). Even had Plaintiff specifically opposed, the Court finds the case law of the administrative agency (the NLRB) to be sound in its rationale and thus, the Court applies the same rationale to its analysis. Regarding Plaintiff's factual allegations, Stoecklin's decision to use Barnett Electric instead of Plaintiff for the electrical work amounts to, at best, acquiescence or an involuntary decision, based on IBEW 702's alleged threats. Therefore, under Section 8(e), there can be no "contract or agreement" illegally made between IBEW 702 and Stoecklin in order for

Plaintiff to attempt to allege a Section 303 claim for wrongful behavior defined in Section 8(b)(4)(A).  Accordingly, to the extent that Plaintiff is attempting to make such a claim in his Second Amended Complaint, it is dismissed with prejudice.

However, the Court's analysis does not end here – this is only a partial dismissal against IBEW 702.  Instead, the Court finds, consistent with the Seventh Circuit's opinion,[1] that Plaintiff has sufficiently plead a Section 303 claim against IBEW 702 for secondary boycotting, as set forth in Section 8(b)(4)(ii)(B), in Count I of his Second Amended Complaint.  Thus, at this stage of the proceedings, Count I of Plaintiff's Second Amended Complaint, which the Court construes as alleging a Section 303 claim of secondary boycotting pursuant to Section 8(b)(4)(ii)(B) of the NLRA, survives dismissal against IBEW 702 only (Plaintiff's claim(s) against defendants Schuchat and Grant already having been dismissed).

---

[1]     In examining Plaintiff's claims on appeal, the Seventh Circuit stated:

> As we already have noted, the activities described by Mr. Smart in his complaint arguably fall within the coverage of section 8(b)(4) of the NLRA, 29 U.S.C. § 158 (b)(4), which prohibits an attempt by a labor organization "to threaten, coerce, or restrain any person engaged in commerce or in an industry affecting commerce, where in either case an object thereof is . . . forcing or requiring any person . . . to cease doing business with any other person."  **29 U.S.C. § 158(b)(4)(ii)(B)**.

*See Smart*, **562 F.3d at 806-07.**

### 3.    Plaintiff's Relief Sought

As a final matter, Defendants seek to dismiss Plaintiff's claims for treble damages and compensatory damages to his credit and reputation, asserting that these are not allowed under Section 303.[2]  Section 303 allows a plaintiff to "recover the damages by him sustained and the cost of the suit."  **29 U.S.C. § 187(b)**. Defendants assert that courts have construed this statutory provision as limiting a plaintiff to actual compensatory damages, which must be non-speculative and proximately caused by the union's wrongful behavior (Doc. 53, p. 7).   Treble damages, Defendants argue, is an antitrust remedy, not appropriate to his NLRA claim.  Further, any damages to Plaintiff's credit and reputation are too speculative to be allowed.  Additionally, Section 303 does not provide recovery for Plaintiff's attorneys' fees or punitive damages.  As such, Defendants posit that, should he prevail on his Section 303 claim, Plaintiff should be limited to recovering his lost profits and expenses from the Extreme Sports job bid he alleges he lost due to IBEW 702's conduct (*Id*. at 8).

The Court finds that under Section 303, punitive damages are inappropriate. ***See Teamsters Local 20 v. Morton*, 377 U.S. 252, 260-61 & n.16 (1964); *Int'l Broth. of Elec. Workers v. Foust*, 442 U.S. 42, 52 (1979)**. Following this rationale, treble damages also do appear to be authorized relief under

---

[2]  Again, the Court cannot discern a specific opposing response from Plaintiff as to this issue supported by applicable law.  Instead, he focuses on the atrocities of Defendants' alleged wrongs, a written soliloquy better left for closing arguments, but not very helpful concerning the matter at hand.

Section 303, but instead, may be more appropriately sought in antitrust claims.[3] *Id.* The statutory provision also fails to provide for the recovery of attorneys' fees of the prevailing party (although Plaintiff does not seem to seek this type of relief in his Second Amended Complaint).   ***Summit Valley Industries, Inc. v. Carpenters Local 112*, 456 U.S. 717, 727 (1982)**.   Further, because damages under Section 303 must be non-speculative, any claimed damages to Plaintiff's reputation and goodwill, including lost profits for future jobs, will not be allowed absent concrete evidence demonstrating additional bids Plaintiff obtained that were subsequently lost as a proximate result of IBEW 702's alleged conduct.   ***Teamsters Local 20*, 377 U.S. at 260-61;** *see also **Pickens-Bond Constr. Co. v. Carpenters Local 690*, 586 F.2d 1234, 1242 (8th Cir. 1978)**.   As it currently stands, the Extreme Sports bid is the only "lost profit" the Court can properly consider as non-speculative. Accordingly, Plaintiff's claims for treble (or punitive) damages and also monetary compensation for injury to Plaintiff's goodwill and reputation which are merely speculative in nature, are improper under Section 303, and hereby **DISMISSED WITH PREJUDICE**, for failure to state a claim upon which relief may be granted.

---

[3] In a very ambiguous way, Plaintiff may be trying to also bring an antitrust claim under the Sherman Act, as he makes mention of the Act in the "Jurisdictional Statement" of his Second Amended Complaint (Doc. 52), which would therefore explain his attempt to seek treble damages. He also makes mention of the Court's power to exercise its supplemental jurisdiction under **28 U.S.C. 1367** in his Jurisdictional Statement.  However, Count I (the only count in his Second Amended Complaint) is clearly entitled "Violation of U.S.C. 29, Sec. 187."  Thus, the Court will not construe his previous mention of the Sherman Act as also alleging a claim for a violation thereof. Moreover, such an additional claim would also likely to be found exceeding the scope of the Seventh Circuit's Mandate.

### III. <u>CONCLUSION</u>

Defendants' (Partial) Motion to Dismiss (Doc. 53) is hereby **GRANTED**. Plaintiff's claims against defendants Christopher Grant, and the law firm of Schuchat, Cook & Werner are hereby **DISMISSED WITH PREJUDICE**. Further, the Court finds that Plaintiff also cannot state a Section claim against IBEW 702 under Section 8(b)(4)(A) for violation of 8(e) of the NLRA, so in the event that he has alleged such a claim in his Second Amended Complaint, it, too, is **DISMISSED WITH PREJUDICE**. However, the Court finds that Plaintiff still maintains a viable Section 303 claim for secondary boycotting pursuant to Section 8(b)(4)(ii)(B) of the NLRA against IBEW 702, which survives dismissal. As such, this case shall proceed accordingly. However, any claims Plaintiff may allege for recovery of treble or punitive damages, attorneys' fees or speculative claims for injury to Plaintiff's reputation and good will (such as future lost bids), are also **DISMISSED WITH PREJUDICE**, the Court finding that such relief is not afforded under Section 303 of the NLRA.

**IT IS SO ORDERED.**

Signed this 24th day of March, 2010.


/s/   David R Herndon

**Chief Judge**
**United States District Court**